UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SEACOR MARINE, LLC and SEACOR MARINE, INC. **Plaintiffs** | * * * * | CIVIL ACTION |
| v. | * * * | NO. 09-0383 |
| CUMMINS MID-SOUTH, INC., CUMMINS MID-SOUTH, LLC and NEW HAMPSHIRE INSURANCE COMPANY **Defendants** | * * * * * | SECTION "L"(3) |

**************************************************************************

## ORDER & REASONS

Currently pending before the Court is Defendant New Hampshire Insurance Company's Motion for Summary Judgment (Rec. Doc. No. 3). For the following reasons, the motion is GRANTED.

**I.   BACKGROUND**

This dispute arises out of a collision between the M/V INTERNATIONAL TITAN and the MISS KATHRYN, occurring on or about February 12, 2007. Plaintiff, Paul Duet, alleges that he sustained injuries as a result of the collision and filed suit against Seacor Marine L.L.C., Seacor Marine, Inc. And International Marine L.L.C.[1]

Seacor Marine L.L.C. and Seacor Marine, Inc. ("Seacor") filed a Third-Party Demand and Complaint for Declaratory Judgment ("Third-Party Demand") against Cummins Mid-South, Inc., Cummins Mid-South, L.L.C.[2] and New Hampshire Insurance Company ("NHIC"). The

---

[1]*See* Plaintiff's Original Complaint, Doc. 29-2, pp. 1-4.

[2]In 2001 Cummins Mid-South Inc. became Cummins Mid-South, L.L.C.

basis for Seacor's claim against Cummins Mid-South, Inc. and Cummins Mid-South, L.L.C. is Section 5 of the Subcontractor Agreement with Cummins Mid-South Inc. which provides that they carry "necessary coverages of insurance" and specifies that Seacor Marine, Inc. "[s]hall be added under said policies as an additional insured for the scope of work performed."[3]

Seacor seeks defense and indemnity from NHIC for the claims asserted by Plaintiff. This claim is based on an insurance policy obtained by Cummins Mid-South, L.L.C. from NHIC in 2001. NHIC never had any dealings with Cummins Mid-South, Inc. and only created an insurance policy for Cummins Mid-South, L.L.C. Seacor was never mentioned as an additional assured in the New Hampshire policy created for Cummins Mid-South, L.L.C. NHIC has denied any liability to Seacor for Mr. Duet's tort claim because Seacor was not listed as an additional assured.

## II.   PRESENT MOTION

On February 10, 2009, NHIC filed a Motion for Summary Judgment. In this motion NHIC alleges that the Plaintiff failed to show that they are covered as an additional assured by the policy issued to Cummins Mid-South, L.L.C. NHIC contends that the policy they entered into with Cummins Mid-South, L.L.C., does not contain any endorsement expressly naming Seacor as an additional assured, nor does it contain a blanket additional assured endorsement.[4] Therefore, 1) NHIC argues that it owes no coverage and is not obligated to defend Seacor; 2) Seacor has no direct right of action against NHIC; 3) NHIC is not liable or responsible for any alleged breach of the subcontractor agreement between Seacor and Cummins Mid-South L.L.C.;

---

[3] Doc. 29-2, ¶ 6.

[4] *See* the New Hampshire policy, attached as Exhibit 1 to Exhibit A to this motion.

2

and 4) the duty to defend is not unlimited.

Plaintiff, Seacor, alleges that NHIC has "wrongfully refused to accept Seacor as an additional assured and/or provide Seacor with defense and indemnity." Seacor contends that the motion for Summary Judgment should be denied for two reasons; 1) Seacor claims there are genuine issues of material fact regarding the failure to name Seacor as an additional assured on the workers' compensation and employers' liability policy issued by NHIC;[5] and 2) NHIC's Motion for Summary Judgment is premature in that additional discovery regarding the failure to name Seacor as an additional assured on the workers' compensation and employers' liability policy issued by NHIC is necessary.

### III. LAW & ANALYSIS

Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed R. Civ P. 56(c)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L. Ed. 2d 265 (1986); *Brown v. City of Houston, Tex.*, 337 F.3d 539, 540-41 (5th Cir. 2003). A material fact is a fact which, under applicable law, may alter the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L. Ed. 2d 202 (1986); *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 271 F.3d 624, 626 (5th Cir. 2001). A dispute is genuine when a reasonable finder of fact could resolve the issue in favor of either party, based on the evidence before it. *Anderson*, 477 U.S. at 250; *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754,

---

[5]*See* Certificates of Insurance attached as Exhibits 4 through 11 to the Affidavit of Margaret Heyn.

759 (5th Cir. 2002). "The moving party bears the burden of demonstrating that there exists no genuine issues of material fact." *In re Vioxx Prods. Liab. Litig.*, 501 F. Supp. 2d 776, 781 (E.D. La. 2007). When considering a motion for summary judgment, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004). If the party moving for summary judgment demonstrates the absence of a genuine issue of material fact "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Boimedical Labs.*, *Inc.,* 61 F.3d 313, 315 (5th Cir. 1995).

Additionally, the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. *See Anderson*, 477 U.S. at 248. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case on which they bear the burden of proof. *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004). A non-movant's conclusory allegations or bare assertions unsupported by facts are insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 247-48.

Although Plaintiff does not dispute that they are not listed on the policy, they do argue that there are genuine issues of material fact regarding the failure to name Seacor as an additional assured on the workers' compensation and employers' liability policy issued by NHIC. However, Seacor offers no specific evidence supporting this contention. According to Louisiana law only the named insured, not its insurer, is liable for breach of an obligation to name an indemnitee as an additional assured. *Lopez v. Hartford Accident & Indem. Co.,* 495 So.

4

2d 375 (La. App. 3d Cir. 1986), *writ denied* 498 So.2d 757 (La. 1986)).[6] In *Lopez,* an insured contractor had a contractual duty to procure liability insurance and name a property owner as an additional assured, creating an obligation independent from the indemnity provisions of the contract. *Id.* at 378. After the filing of a wrongful death suit it was discovered that the insured contractor failed to name the property owner as an additional insured under its public liability policy. *Id.* Because the contractor failed to name the property owner as an additional assured, the court found that only the named contractor was covered by the insurance policy and the insurer had no obligation to defend or indemnify the unnamed property owner. *Id.*

In the present case even if Cummins Mid-South, Inc. had a contractual obligation to provide Seacor as an additional assured, the policy with NHIC failed to do so. Thus, NHIC has no obligation to defend or indemnify Seacor. Therefore, any questions of fact regarding the failure to name Seacor as an additional assured are not material. Accordingly, Defendant NHIC is entitled to summary judgment.

---

[6]The United States Court of Appeals for the Fifth Circuit relied on *Lopez* in *Musgrove v. Southland Corp.,* 898 F.2d 1041, 1044 (5th Cir. 1990).

## IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that the Defendant's Motion for Summary Judgment is GRANTED.

New Orleans, Louisiana, this 31st day of July, 2009.

_____
U.S. DISTRICT JUDGE