UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SEACOR MARINE, L.L.C., ET AL | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 09-383 |
| | * | |
| CUMMINS MID-SOUTH, INC. ET AL | * | SECTION "L" (3) |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Appeal the Magistrate Judge's Ruling (R. Doc. 100), Defendant Cummins Mid-South LLC's Motion for Review of the Magistrate Judge's Order (R.Doc. 101) and Non-party Molton, Allen & Williams, LLC 's Motion for Review of the Magistrate Judge's Order (R. Doc. 103). On May 12, 2010, the Court heard oral argument on the above motions. The Court has reviewed the parties memoranda as well as the applicable law and is now ready to rule.

**I. Background**

This matter arises out of an underlying personal injury action filed by Mr. Paul Duet against Seacor Marine. At the time of the accident, Mr. Duet was an employee of Cummins Mid-South, L.L.C. Subsequently, Seacor Marine demanded defense and indemnity from Cummins Mid-South, LLC based on the terms of a Subcontractor Agreement. Cummins Mid-South declined the tender or to subsequently fund a settlement between Seacor Marine and Mr. Duet based on the assertion that Cummins Mid-South, Inc., and not Cummins Mid-South, L.L.C., was a party to the Subcontractor Agreement and consequently, there was no valid agreement between Seacor Marine and Cummins Mid-South, L.L.C.

1

On December 22, 2008, with the agreement of all parties, this Court severed Seacor Marine's Third Party Demand and Complaint against Cummins Mid-South, Inc., Cummins Mid-South, LLC and New Hampshire Insurance Company. *In re: International Marine, LLC*, 2:07-cv-6424-EEF-DEK, R. Doc. 132. After severing the Original Third Party Demand, the Court ordered Seacor Marine Inc and Seacor Marine LLC to file an amended complaint. The order further stated that "any claims not timely brought before the Court by amended complaint as ordered herein will be dismissed without further notice." *Id.* Seacor filed an amended complaint on January 28, 2009. *Seacor Marine, LLC, et al v. Cummins Mid-South, Inc., et al.*, 2:09-cv-00383-EEF-DEK, R. Doc. 1.

## II. Plaintiff's Motion to Appeal the Magistrate Judge's Ruling

On February 1, 2010, Plaintiffs filed a Motion for Leave to File an Amended Complaint. R. Doc. 72. The motion was referred to Magistrate Judge Knowles by the Clerk of Court. Magistrate Judge Knowles denied the motion, citing to the Court's December 22, 2008 Order. R. Doc. 99. Magistrate Judge Knowles denied the Motion based on a strict construction of the language in this Court's Order. In doing so, Magistrate Judge Knowles stated "I think my hands are kind of tied. I just think Judge Fallon is going to have to give you this relief." 3/10/10 Hrg Tr. at 5:4-5. Further, he noted "certainly you can bring this before Judge Fallon on appeal, because he's the only one that can interpret that language. And if he meant it to mean something else at a different time in the case and he wants you to proceed at this point, I'm fine with that." *Id.* at 6:25 - 7:1-4.

Plaintiffs seek leave to amend the complaint to add causes of action based on the continuation doctrine or, in the alternative, breach of contract based on the parties' oral

2

agreement and course of dealings.  Essentially, Plaintiffs argue that Cummins Mid-South, LLC is a common continuing commercial entity of Cummins Mid-South Inc and the two operate as a single venture.  Further, Plaintiffs seek leave to amend the complaint to clarify that Seacor Marine, Inc. merged into Seacor Marine LLC.  Defendants oppose the motion arguing that it violates the Court's December 22, 2008 Order.

A magistrate judge's ruling on a non-dispositive matter is subject to reversal where the decision is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  Plaintiff bears a heavy burden. While the Court is mindful of this high standard, the Court also notes that the Magistrate Judge took a cautious approach in this instance, showing deference to this Court's management of its own docket.  When this Court issued the December 22, 2008 Order its intention was to prohibit Plaintiffs from filing entirely new claims after the amended complaint filing deadline. In this instance, the Court believes that the Plaintiff is not filing new claims, but merely clarifying previously raised claims.  Accordingly,

IT IS ORDERED that Plaintiffs' Motion to Appeal the Magistrate Judge's Ruling (R.Doc. 100) is hereby GRANTED.  Plaintiff is granted leave to amend their complaint.

### III.  Defendant Cummins Mid-South LLC and non-party Molton, Allen, and Williams LLC's Motions for Review of the Magistrate Judge's Order regarding Production of Documents

Defendant Cummins Mid-South LLC and non-party Molton, Allen and Williams LLC have both filed Motions for Review of Magistrate Judge Knowles Order granting in part and denying in part Plaintiffs' motion to compel production of documents.  Molton is the insurance broker for Cummins.  Magistrate Judge  Knowles heard oral argument on the issues raised by the parties regarding production, considered the extensive memoranda filed by the parties, reviewed

the documents at issue *in camera* and issued an eight page order and reasons in this matter. He considered *Crosswhite v. Lexington Insurance Co.*, 321 Fed. Appx. 365, 368 (5th Cir. 2009), which the movants contend is controlling, and found that it was not directly on point. He further found Sixth Circuit caselaw, specifically, *In re Professionals Direct Insurance Co.,* I578 F.3d 432, 440 (6th Cir. 2009), informative and applicable to the instant matter. The Court has reviewed the applicable law and finds that the Magistrate Judge's ruling was based in law and fact and is not "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Accordingly,

    IT IS ORDERED that Defendant Cummins Mid-South LLC's Motion for Review of the Magistrate Judge's Order (R. Doc. 101) and Non-party Molton, Allen & Williams, LLC 's Motion for Review of the Magistrate Judge's Order (R. Doc. 103) are hereby DENIED.

    New Orleans, Louisiana, this 2nd day of June 2010.

                                                  UNITED STATES DISTRICT JUDGE