UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SEACOR MARINE, L.L.C., ET AL | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 09-383 |
| | * | |
| CUMMINS MID-SOUTH, INC. ET AL | * | SECTION "L" (3) |

## ORDER AND REASONS

Before the Court is Cummins Mid-South, LLC's Motion to Appeal the Magistrate Judge's Ruling from May 14, 2010 (R. Doc. No. 137). On July 28, 2010, the Court heard oral argument on the above motion. The Court has reviewed the parties memoranda as well as the applicable law and is now ready to rule.

**I. Background**

This matter arises out of an underlying personal injury action filed by Mr. Paul Duet against Seacor Marine. At the time of the accident, Mr. Duet was an employee of Cummins Mid-South, L.L.C. Subsequently, Seacor Marine demanded defense and indemnity from Cummins Mid-South, LLC based on the terms of a Subcontractor Agreement. Cummins Mid-South declined the tender or to subsequently fund a settlement between Seacor Marine and Mr. Duet based on the assertion that Cummins Mid-South, Inc., and not Cummins Mid-South, L.L.C., was a party to the Subcontractor Agreement and consequently, there was no valid agreement between Seacor Marine and Cummins Mid-South, L.L.C.

On December 22, 2008, with the agreement of all parties, this Court severed Seacor Marine's Third Party Demand and Complaint against Cummins Mid-South, Inc., Cummins Mid-

1

South, LLC and New Hampshire Insurance Company. *In re: International Marine, LLC*, 2:07-cv-6424-EEF-DEK, R. Doc. 132. After severing the Original Third Party Demand, the Court ordered Seacor Marine Inc and Seacor Marine LLC to file an amended complaint, which they did, and which initiated the present action.

## II. Plaintiff's Motion to Appeal the Magistrate Judge's Ruling

Third Party Defendant Cummins Mid-South, L.L.C. ("Cummins") previously filed a Motion to Compel Discovery from Third Party Plaintiffs Seacor Marine, L.L.C. and Seacor Marine, Inc. (collectively "Seacor")(Rec. Doc. No. 113). The motion was referred to Magistrate Judge Knowles by the Clerk of Court. Magistrate Judge Knowles granted the motion in part, and denied the motion in part. Cummins now seeks review of Magistrate Judge Knowles denial of the motion regarding various documents Cummins believes are discoverable.

A magistrate judge's ruling on a non-dispositive matter is subject to reversal where the decision is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). The moving party bears a heavy burden. Magistrate Judge Knowles was fully briefed on the issues raised by Cummins. Further, he heard oral argument at the parties request. Magistrate Knowles wrote a reasoned and thorough order, granting in part and denying in part Cummins motion and this Court finds the vast majority of his decision to be grounded in law and fact, and far from the "clearly erroneous standard" Cummins must meet.

However, with regard to Cummins request to compel all charter party agreements for the month of February 2007, the Court will GRANT IN PART Cummins motion. Magistrate Judge Knowles is correct that this Court made a prior factual finding that the M/V MISS KATHRYN was off charter at the time and on the date of the underlying accident. *In re Int'l Marine, LLC*,

614 F.Supp.2d 733, 736 (E.D. La. 2009). However, at the time of that finding, the issue of defense and indemnity was not before the Court. While the Court recognizes Cummins will have a difficult time at best arguing that the MISS KATHRYN was off charter at the time of the accident, this heavy burden should not keep Cummins from discovering evidence relevant to that defense.

Accordingly, IT IS ORDERED that Plaintiffs' Motion to Appeal the Magistrate Judge's Ruling (R.Doc. 100) is hereby GRANTED in part and DENIED in part.

New Orleans, Louisiana, this 5th day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE